NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RENE BRADLEY-WILLIAMS, | : | **Hon. Noel L. Hillman** |
|  | : |  |
| Petitioner, | : | Civil No. 07-0144 (NLH) |
|  | : |  |
| v. | : |  |
|  | : |  |
| STATE OF NEW JERSEY, et al., | : | **O P I N I O N** |
|  | : |  |
| Respondents. | : |  |

APPEARANCES:

> RENE BRADLEY-WILLIAMS, #549663
> Kintock Columbus House
> 50 Fenwick Street, Building II
> Newark, New Jersey 07114
> Petitioner pro se

HILLMAN, District Judge

Rene Bradley-Williams filed a Petition for a Writ of Habeas Corpus pursuant to 28

U.S.C. § 2254(a), with supporting Brief and Appendix, challenging a judgment of conviction in

the Superior Court of New Jersey. This Court will grant Petitioner's application to proceed in

forma pauperis, summarily dismiss the Petition without prejudice as unexhausted, and deny a

certificate of appealability.

### I. BACKGROUND

Petitioner challenges a judgment of conviction filed on February 3, 2006, and amended

on July 12, 2006, in the Superior Court of New Jersey, Law Division, Atlantic County, after a

jury convicted her of theft of services, forgery, and theft by deception, in violation of N.J. STAT.

ANN. §§ 2C:20-4, 2C:20-8A, and 2C:21-1A(3). The Law Division sentenced Petitioner to an

aggregate 12-year term of imprisonment, various fines and penalties, forfeiture of public

employment, and one-year license suspension. Petitioner did not file a direct appeal in the

Appellate Division of the Superior Court of New Jersey. Petitioner filed a motion for a new trial

and to reinstate bail, which the Law Division denied, and Petitioner did not appeal. The Petition

presents four grounds: jury was not comprised of her peers; conviction was based on fabricated

evidence and witness tampering; trial judge had a personal interest in the case; co-defendant was

brought in front of the jury in handcuffs and shackles. (Pet. ¶ 12, Grounds One to Four.)

Petitioner admits in the Petition that she did not exhaust her claims before the New Jersey courts.

(Id. ¶ 13.a.) Petitioner seeks dismissal of the indictments.

## II. DISCUSSION

### A. Standard of Review

"In conducting habeas review, a federal court is limited to deciding whether a conviction

violate[s] the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S.

62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-120 (1982); Barry v. Bergen County

Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Habeas corpus petitions must meet

heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). As the

Supreme Court explained,

> Habeas Rule 2(c) . . . provides that the petition must "specify all
> the grounds for relief available to the petitioner" and "state the
> facts supporting each ground. See also Advisory Committee's note
> on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the
> past, petitions have frequently contained mere conclusions of law,
> unsupported by any facts. [But] it is the relationship of the facts to
> the claim asserted that is important . . . ."); Advisory Committee's

2

> Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice'
> pleading is not sufficient, for the petition is expected to state facts
> that point to a real possibility of constitutional error." (internal
> quotation marks omitted)) . . . . A prime purpose of Rule 2(c)'s
> demand that habeas petitioners plead with particularity is to assist
> the district court in determining whether the State should be
> ordered to "show cause why the writ should not be granted." §
> 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the
> petition . . . that the petitioner is not entitled to relief in district
> court," the court must summarily dismiss the petition without
> ordering a responsive pleading.

Mayle v. Felix, 125 S. Ct. 2562, 2570 (2005).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

B. Exhaustion

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted state court remedies for all grounds presented in the petition, or such process is unavailable or ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 544 U.S. 269 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Section 2254(b) provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court **shall not be
> granted** unless it appears that -

3

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B) (emphasis added); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513; Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). The statutory scheme under the AEDPA "reinforces the importance of Lundy's 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'" Rhines v. Weber, 544 U.S. 269, 276-77 (2005) (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)).

The Exhaustion Doctrine requires a petitioner to fairly present each federal claim to each level of the state court system. See Baldwin v. Reese, 541 U.S. 27 (2004); O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Rose, 455 U.S. at 515; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996). "[S]tate prisoners

4

must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court. O'Sullivan, 526 U.S. at 845; see also Baldwin, 541 U.S. at 29. To exhaust, a petitioner in the custody of the State of New Jersey must present his federal claims to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court in a petition for certification. See Toulson, 987 F.2d at 987-89. "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation and internal quotation marks omitted).

The habeas petitioner carries the burden of proving total exhaustion. Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987. "Thus, . . . if the petitioner fails to satisfy the exhaustion requirement prior to filing a federal habeas petition and none of the exceptions apply, the federal court is precluded from granting habeas relief to the petitioner." Lambert, 134 F.3d at 513-14.

In this case, the face of the Petition shows that Petitioner did not present her claims to either the Appellate Division or to the New Jersey Supreme Court. Petitioner did not file a direct appeal of the conviction or sentence, and she did not file a state petition for post-conviction relief. Thus, Petitioner has not exhausted her claims before all three levels of the New Jersey courts. This Court must therefore dismiss the Petition without prejudice as unexhausted unless

exhaustion is excused or unavailable, the Petition does not raise even a colorable federal claim,

or a stay of the Petition is warranted under Rhines v. Weber, 544 U.S. 269 (2005).

C.  Circumstances Excusing Exhaustion

Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State

corrective process." 28 U.S.C. § 2254(b)(1)(B)(i); see also Duckworth v. Serrano, 454 U.S. 1, 3

(1981) (per curiam).  A petition containing claims which are unexhausted but procedurally barred

will not be dismissed as unexhausted.  "Although the unexhausted claims may not have been

presented to the highest state court, exhaustion is not possible because the state court would find

the claims procedurally defaulted."  Toulson, 987 F.2d at 987; accord Coleman v. Thompson,

501 U.S. 722, 730-32 & n.1 (1991); Harris v. Reed, 489 U.S. 255 (1989).[1]  "If a claim has not

been fairly presented to the state courts but state law clearly forecloses review . . . exhaustion is

excused." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted).

In determining whether state court review is "available" under § 2254(b)(1)(B) and (c),

this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain"

the petitioner's federal claims.  Lambert, 134 F.3d at 516; Christy, 115 F.3d at 207.  Most

importantly, "unless a state court decision exists indicating that a habeas petitioner is clearly

---

[1] While it excuses exhaustion, the doctrine of procedural default is a double-edged sword. When a petitioner's failure to comply with a state procedural rule has prevented the state courts from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily barred as petitioner has procedurally defaulted his claims. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). Reliance by the last state court to consider the federal claim on an "adequate and independent finding of procedural default will bar federal habeas review of [that] federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262 (citations and internal quotation marks omitted); accord Coleman, 501 U.S. at 750; Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999); Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996).

precluded from state court relief, the federal habeas claim should be dismissed for nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim." Lambert, 134 F.3d at 517.

For example, the petitioner in Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993), was a New Jersey prisoner who filed a § 2254 petition in the District Court for the District of New Jersey challenging his state conviction and sentence on five grounds. The Appellate Division of the New Jersey Superior Court had affirmed his conviction; the New Jersey Supreme Court had denied his petition for certification; and the trial court had denied his motion to reconsider the sentence and his motion for post-conviction relief. Toulson had not presented three of his § 2254 grounds to the New Jersey Supreme Court in his petition for certification. The district court held that the claims were procedurally barred by N. J. Ct. R. 3:22-4 (barring consideration of grounds not raised in prior proceedings), in that Toulson had not raised them in his petition for certification to the New Jersey Supreme Court. The Third Circuit reversed and remanded, observing that Rule 3:22-4(c) dissolves the procedural bar where "denial of relief would be contrary to the Constitution of the United States or the State of New Jersey," and that other rules presenting potential procedural bars were likewise subject to relaxation.[2] The Third Circuit instructed the district court to dismiss the petition without prejudice for failure to exhaust "[b]ecause no state court has concluded that petitioner is procedurally barred from raising his

---

[2] New Jersey Court Rule 3:22-12, which poses a five-year limitation period for the filing of post-conviction relief petitions, Rule 3:22-4, which bars any ground for relief not raised in a prior post-conviction relief proceeding, and Rule 3:22-5, which provides that a prior adjudication upon the merits of any ground for relief is conclusive, are subject to relaxation. See State v. Preciose, 129 N.J. 451, 454, (1992); State v. Mitchell, 126 N.J. 565 (1992); State v. Johns, 111 N.J. Super 574, 576 (App. Div. 1970).

unexhausted claims and state law does not clearly require a finding of default." <u>Toulson</u>, 987
F.2d at 989.

In contrast, in <u>Cabrera v. Barbo</u>, 175 F.3d 307 (3d Cir. 1999), the Third Circuit affirmed
dismissal of claims raised in a New Jersey prisoner's § 2254 petition as procedurally defaulted
after a New Jersey court had in fact refused to consider the petitioner's federal claims because
they were procedurally barred by N.J.Ct.R. 3:22-4. Under those circumstances, the Third Circuit
observed that exhaustion was unavailable. However, because New Jersey's rejection of Cabrera's
claims was based on an adequate and independent state ground, the petitioner had procedurally
defaulted the claims. <u>Cabrera</u>, 175 F.3d at 312-314.

In this case, no New Jersey court has determined that Petitioner is procedurally barred.
This Court finds that post conviction review of Petitioner's claims is not clearly foreclosed or
unavailable. Petitioner's failure to exhaust is therefore not excused under § 2254(b)(1)(B)(i).

Failure to exhaust may also be excused where "circumstances exist that render [State
corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. §
2254(b)(1)(B)(ii). State corrective process is ineffective where "'state remedies are inadequate
or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion
in state court would be futile.'" <u>Lambert</u>, 134 F.3d at 516 (quoting <u>Christy v. Horn</u>, 115 F.3d
201, 207 (3d Cir. 1997)); <u>see also Gibson</u>, 805 F.2d at 138. Petitioner's failure to exhaust is not
excused under this provision, however, because New Jersey's appellate review procedures are
not inadequate to adjudicate her federal claims.

8

D. Colorable Federal Claim

Section 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). The Third Circuit determined that § 2254(b)(2) codifies the holding in Granberry v. Greer, 481 U.S. 129 (1987), "by conferring upon the district court the authority to deny a habeas petition on the merits despite the petitioner's failure to exhaust state remedies." Lambert, 134 F.3d at 514.

In Granberry, the Court held that where a state failed to raise the exhaustion defense in the district court, the court of appeals may examine the exhaustion issue under the following circumstances:

> The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim . . . . [I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition [on the merits], and the court of appeals affirms the judgment of the district court forthwith.

Granberry, 481 U.S. at 134-135.

Thus, the Third Circuit has instructed district courts that they may deny a mixed petition on the merits under § 2254(b)(2) only "if it is perfectly clear that the applicant does not raise even a colorable federal claim." Lambert, 134 F.3d at 515 (quoting Granberry, 481 U.S. at 135). Under this standard, "if a question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim if the petitioner has

failed to exhaust state remedies and none of the exceptions set forth in sections 2254(b)(1)(B)(i) and (ii) applies." Lambert, 134 F.3d at 515.

In this case, Petitioner raises four claims, i.e., the jury was not composed of her peers; she was convicted on the basis of fabricated evidence and witness tampering; the presiding judge had a personal interest in the proceeding; and her co-defendant was brought in front of the jury in handcuffs and shackles. (Pet. ¶ 12.) It cannot be said that "it is perfectly clear that the applicant does not raise even a colorable federal claim." Lambert, 134 F.3d at 515. See Edwards v. Balisok, 520 U.S. 641, 647 (1997) ("A criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him"); Arizona v. Fulminante, 499 U.S. 279, 308 (1991); Tumey v. Ohio, 273 U.S. 510, 535 (1927). This Court finds that denial of the grounds raised in the Petition on the merits pursuant to 28 U.S.C. § 2254(b)(2) is not warranted. See Lambert, 134 F.3d at 515.

E.  Stay and Abeyance

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court authorized a district court to stay a mixed § 2254 petition under limited circumstances. Reversing the Eighth Circuit's decision that a district court has no authority to stay a mixed petition to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court, the Supreme Court observed that

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred

> Rhines from returning to federal court after exhausting the
> previously unexhausted claims in state court.

Id. at 275.

The Rhines Court held that a district court has the authority to stay a mixed petition

when a stay would be compatible with AEDPA's purposes. Id. at 276. The Court observed that

"it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed

petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are

potentially meritorious, and there is no indication that the petitioner engaged in intentionally

dilatory litigation tactics. In such circumstances, the district court should stay, rather than

dismiss, the mixed petition." Id. at 278.

In this case, the Petition is not a mixed petition, as none of Petitioner's claims have been

exhausted. Thus, Rhines is not directly applicable. Moreover, even if Rhines applied, a stay

would not be necessary, given that the amended judgment of conviction was entered less than a

year ago on July 12, 2006, and this Court is dismissing the Petition within two weeks of its filing.

Accordingly, this Court will dismiss the Petition without prejudice as unexhausted.

F.  Certificate of Appealability

Because jurists of reason would not find the Court's dismissal of the Petition for non-

exhaustion debatable or incorrect, the Court declines to issue a certificate of appealability

pursuant to 28 U.S.C. § 2253(c). See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Walker

v. Government of Virgin Islands, 230 F.3d 82, 89 (3d Cir. 2000).

## IV.  CONCLUSION

Based on the foregoing, the Court will grant in forma pauperis status, dismiss the Petition without prejudice, and deny a certificate of appealability.

*Noel C. Hillman*

_____
**NOEL H. HILLMAN, U.S.D.J.**


DATED: ___January 18___, 2007

At Camden, New Jersey

12